*PH*

**FILED**

**NF**

JUN 0 8 2007

Jun 8, 2007

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

## THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

Clarence Shed,

**Plaintiff,**

vs.

**1555 Astor Place Condo Association,**

**Defendant.**

07CV3261
JUDGE HART
MAGISTRATE JUDGE KEYS

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, Clarence Shed, complains of Defendant, 1555 Astor Place Condo Association, as follows:

**Nature of the Case:**
1. This is a one-count complaint alleging discrimination on the basis of disability, in violation of the Americans With Disabilities Act, . 42 U.S.C.S. § 12101 *et seq.*

**The Parties:**
2. Plaintiff, Clarence Shed, is a citizen of the United States and a resident of Cook County, Illinois, and for all times relevant to this Complaint was an employee of Defendant within the meaning of 42 U.S.C.S. §2000e(f).
3. Defendant, 1555 Astor Place Condo Association, is a corporation conducting business in Cook County, Illinois, that Plaintiff performed services for in Cook County, Illinois, and is an employer within the meaning of 42 U.S.C.S. §2000e(b).

**Jurisdiction and Venue:**
4. This court has jurisdiction over Defendant pursuant to 42 U.S.C.S. §2000e(f) and 28 U.S.C.S. §§ 1331 and 1343(4).
5. Venue is proper pursuant to 28 U.S.C.S. §1391(b) because the unlawful employment practices alleged herein occurred in Cook County, Illinois, which is within this Court's division of the U.S. District Court, Northern District of Illinois.

**Procedural History:**
6. On December 13, 2005, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") in Chicago, Illinois.
7. On March 12, 2007, Plaintiff received a Notice of Right to Sue from the EEOC.

1

8. Plaintiff satisfied all conditions precedent to filing this action.

**Plaintiff's Employment with Defendant:**

9. Defendant hired Mr. Shed as a garage attendant in late 2003.
10. Mr. Shed began treatment for colon cancer in early 2004.
11. After a leave of absence for surgery, Mr. Shed returned to work while continuing to undergo cancer treatment.
12. Mr. Shed's cancer and its treatment disabled Mr. Shed by making him unable to eat and work without accommodations.
13. Management agreed to place Mr. Shed on light duty, and to consult with him on a weekly basis to arrange the work schedule so that he could attend frequent doctor's appointments, and coordinate his eating schedule.
14. This arrangement was satisfactory to both Mr. Shed and Defendant.
15. In December 2004, a new manager, Yon Kim, was hired.
16. Ms. Kim refused to work with Mr. Shed to set up his work schedule and his job duties to accommodate his disability.
17. By the end of March 2005, Mr. Shed resigned because Ms. Kim's refusal to accommodate his disability became too much of a burden and was interfering with his treatment regime.

**Count One: Violation of the Americans With Disabilities Act**

18. Based upon the foregoing, Defendant violated the Americans With Disabilities Act, 42 U.S.C. § 12101, *et seq.*, by refusing to accommodate Mr. Shed's disability.

***Wherefore,*** Plaintiff prays for the following relief:

A. That the Court enter a judgment in his favor and against Defendant; and that the Court order Defendant to reinstate Plaintiff and reimburse him for all back pay other benefits that he would have received but for Defendant's conduct;

B. That the Court award Plaintiff reinstatement, or "front-pay" in lieu of reinstatement in the amount sufficient to compensate him for earnings he would have received but for Defendant's conduct;

C. That the Court award Plaintiff any and all compensatory damages to which he may be entitled;

D. That the Court award Plaintiff any and all punitive damages to which he may be entitled;

E. That the Court award prejudgment interest on any and all damages to which the Court finds that Plaintiff is entitled;

F. That the Court award reasonable attorneys fees and costs, and

G. That the Court award Plaintiff any and all other relief as this Court sees fit.

Respectfully submitted,
Clarence Shed,
Plaintiff.

By: _____
his attorney

Lisa M. Stauff (ARDC #627580)
Law Offices of Lisa M. Stauff
53 W. Jackson Blvd., Suite 660
Chicago, IL 60604
(312) 212-1036
LStauff@staufflaw.com

3